**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 02 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOHN C. BEDROSIAN; et al.,<br><br>          Petitioners - Appellants,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>          Respondent - Appellee. | Nos.  08-70508, 08-70548,<br>       08-70809<br><br>Tax Ct. Nos.  24581-06, 9664-07,<br>         12341-05<br><br>MEMORANDUM [*] |

Appeal from the United States Tax Court
Juan F. Vasquez, Judge, Presiding

Argued and Submitted October 7, 2009
Pasadena, California

Before: HALL, W. FLETCHER and CLIFTON, Circuit Judges.

Petitioners-Appellants John and Judith Bedrosian appeal three orders of the

Tax Court dismissing in whole or in part their challenges to three different notices

relating to the same underlying adjustments for the tax years 1999 and 2000. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

have jurisdiction over two of these appeals under 26 U.S.C. § 7482(a)(1). We affirm in part and dismiss in part.

In the first appeal, the Bedrosians challenge a notice of final partnership administrative adjustment (FPAA) that the IRS mailed on April 8, 2005, pursuant to 26 U.S.C. § 6223(a)(2). The FPAA asserted adjustments to the 1999 tax return of Stone Canyon Partners, a short-lived partnership formed by two companies of which the Bedrosians are the sole owners. The FPAA invalidated transactions between the closely held companies and the partnership, disallowed a loss claimed by the partnership, and imposed an accuracy-related penalty. The Bedrosians filed a petition for readjustment of the FPAA in the Tax Court on May 1, 2007, more than 90 days after the FPAA was mailed. *See* 26 U.S.C. § 6226(a). Because we determine that the IRS validly mailed the FPAA to the Bedrosians, we affirm the Tax Court's dismissal for lack of jurisdiction of their untimely petition.

The IRS mailed fourteen copies of the FPAA on April 8, 2005, to three different addresses, including the same address provided for all three entities on the Partnership's tax return. The IRS did not mail the FPAA to the Bedrosians' personal residence, which it had on file, because the Bedrosians' accountant, who had their power of attorney, asked the IRS not to use that address, citing security concerns. The Bedrosians assert that they did not receive the FPAA at any address.

2

We find it unnecessary to decide whether constitutional due process requires the IRS to mail an FPAA to the "last known address" of a tax matters partner despite the absence of any such requirement in the Code. The address provided by the Bedrosians' accountant was the last known address, because it would have qualified as "clear and concise notification" of a changed address if the last-known-address standard that applies to a notice of deficiency governed here. *See* 26 C.F.R. § 301.6212-2; Rev. Proc. 2001-18 §§ 3.03, 5.04-05.

The Tax Court correctly found that the power of attorney permitted the accountant to change the Bedrosians' own address for purposes of partnership-related notices. The direct relationship between the Bedrosians' tax returns and those of the partnership makes the accountant's communication of the Bedrosians' address for partnership purposes relevant to her representation of the Bedrosians as individual taxpayers. *See England v. Lines*, 262 F.2d 303, 305 (9th Cir. 1958) ("The rule of construction which generally determines the scope of an agent's implied powers is that an agent has, 'unless otherwise agreed, authority to do acts which . . . are reasonably necessary to accomplish (the purpose of the agency).'") (quoting Restatement of Agency § 35). Moreover, the Bedrosians were indirect partners by virtue of their undivided ownership interest in the pass-thru partner companies. Therefore, the IRS was entitled to use "information furnished . . . by

3

*any other person*" to establish their "name, address, and profits interest" and even to use it "in lieu of the names, addresses, and profits interests of the pass-thru partners." 26 U.S.C. § 6223(c)(2), (3) (emphasis added); *see also* 26 C.F.R. § 301.6223(c)-1T(f) (2000).

The Bedrosians also appeal from the Tax Court's partial dismissal of a case involving a notice of deficiency for their 1999 and 2000 tax years that the IRS issued on April 19, 2005, eleven days after the IRS mailed the FPAA. Because the Tax Court only dismissed the case in part, retaining jurisdiction over the Bedrosians' claimed deduction for legal, accounting, consulting, and advisory fees related to the partnership, there is no final judgment as to all claims, and we dismiss the appeal for lack of jurisdiction. *See Brookes v. Comm'r*, 163 F.3d 1124, 1126 (9th Cir. 1998).

Finally, the Bedrosians appeal the Tax Court's dismissal for lack of jurisdiction of their petition on an affected item notice of deficiency that the IRS issued on September 5, 2006, pursuant to 26 U.S.C. 6230(a)(2)(A)(i) after the expiration of the 150-day window for filing a petition for readjustment in the partnership proceeding. *See* 26 U.S.C. § 6226(b). The Tax Court properly dismissed the petition because the 2006 affected item notice of deficiency was issued after the Bedrosians remitted, and the IRS assessed, pursuant to 26 U.S.C. §

4

6213(b)(4), the full amount of the deficiency asserted therein. The Bedrosians did not designate their remittance as a deposit, which would have prevented its assessment. *See* 26 U.S.C. § 6603(a); Rev. Proc. 2005-18 § 4.01. They argue that their undesignated remittance should be treated as a deposit rather than an assessable payment nonetheless, because they remitted "after the mailing of a notice of deficiency"—in this case, the 2005 notice of deficiency. 26 U.S.C. § 6213(b)(4). "Such payment shall not deprive the Tax Court of jurisdiction over *such* deficiency." *Id.* (emphasis added). But both parties concede that the 2005 notice of deficiency was invalid because it was issued while partnership proceedings were pending. No assessment could possibly deprive the Tax Court of jurisdiction over that particular deficiency, because the Tax Court never had jurisdiction over "such deficiency" in the first place. The 2006 affected item notice of deficiency, by contrast, properly asserted deficiencies on affected items after the FPAA became final. The Bedrosians' remittance was properly assessed before the issuance of the 2006 affected item notice of deficiency, so the Tax Court did not err in dismissing the case for lack of jurisdiction.

**AFFIRMED** in 08-70508 and 08-70548; **DISMISSED** for lack of jurisdiction in 08-70809.

5