Halpern, J., concurring: I have joined the majority’s opinion and write separately only to address Judge Vasquez’ complaint that we have denied the Bedrosians their day in court. I do not believe that to be the case. Judge Vasquez is the author of our Memorandum Opinion Stone Canyon Partners v. Commissioner, T.C. Memo. 2007-377, 2007 WL 4526512, aff’d, 358 Fed. Appx. 868 (9th Cir.2009). In that case, we disposed of two competing motions to dismiss for lack of jurisdiction. One was made by JOB Stone Canyon Investments LLC (LLC), as tax matters partner (TMP) of Stone Canyon Partners. The grounds for that motion were that the Commissioner had failed to issue a valid notice of final partnership administrative adjustment (FPAA) since he had addressed no copy to a proper address. The Commissioner’s competing motion was on the grounds that the petition was untimely. We denied the TMP’s motion and granted the Commissioner’s motion. In its untimely filed petition, the TMP stated that the adjustments proposed in the FPAA were “the same adjustments” proposed in the notice of deficiency on which this case is based. The TMP assigned error to the FPAA and raised two affirmative defenses: one, that the FPAA was not mailed to the proper address, and, two, as noted by the majority, see op. Ct. p. 113, that the Commissioner’s muddled handling of the case deprived the FPAA of any vitality. Only the first affirmative defense was advanced as a ground for the TMP’s motion. We first addressed the TMP’s motion. It argued that the FPAA was invalid “because it was never' mailed to the appropriate address, and as a result petitioner did not receive notice as required pursuant to the Code.” We reviewed the rules governing the proper address for an FPAA and noted: “As is the case with a statutory notice of deficiency, the validity of a properly mailed FPAA is not contingent upon actual receipt by either the tax matters partner or a notice partner.” Stone Canyon Partners v. Commissioner, 2007 WL 4526512, at *3. We then turned to determining whether any of the 14 FPAAs the Commissioner mailed to three different addresses were sufficient. The FPAAs were addressed variously to “Stone Canyon Partners, c/o John Bedrosian”, “JCB Stone Canyon Investments, LLC, c/o John Bedrosian”, “Stone Canyon Investors, Inc., c/o John Bedrosian”, “John Bedrosian”, and “Judith Bedrosian”. We stated not once but twice: “By mailing FPAAs to multiple addressees at multiple addresses, respondent made a good faith effort to notify all affected parties of the partnership adjustments, thus satisfying the notice requirement of sec. 6223(a).” Id., 2007 WL 4526512, at *4. With respect to one of the addresses, to which FPAAs addressed directly to the Bedrosians were sent, we stated: “[That] address was a proper address to which respondent could mail the FPAAs to the Bedrosians as individuals and as indirect partners of * * * [LLC] and * * * [Stone Canyon Investors, Inc.].” On the basis of our finding that the section 6223(a) notice requirements were satisfied, we denied the TMP’s motion and granted the Commissioner’s motion that the petition filed almost two years after the FPAAs were mailed was untimely and, thus, invalid. See id. at *5. The Court of Appeals acknowledged the Bedrosians’ assertion that they did not receive the FPAA at any address. Bedrosian v. Commissioner, 358 Fed.Appx. at 869. It held, however: “Because we determine that the IRS validly mailed the FPAA to the Bedrosians, we affirm the Tax Court’s dismissal for lack of jurisdiction of their untimely petition.” Id. Because the Commissioner sent them an FPAA, the Bedrosians were “notice partners”. See sec. 6231(a)(8). Consequently, upon the failure of the TMP to file a petition in response to the FPAA, either of them could have done so. See sec. 6226(b). Their opportunity for a day in court to contest the FPAA — which the TMP (effectively, the Bedrosians) in the petition conceded presented “the same adjustments” proposed in the notice of deficiency on which this case is based— expired 150 days after the FPAA was issued. See id. They failed to meet that deadline. As one court has aptly put it in response to a due process challenge to a period of limitations: While it is undeniably true that access to the courts and an opportunity to be heard are fundamental aspects of procedural due process, it is equally clear that the bar imposed by a validly enacted and reasonable statute of limitations does not deprive a suitor of his day in court in derogation of that clause.[5] * * * [First fn. ref. omitted.] Indeed, the very argument that the Bedrosians make here concerning the Commissioner’s muddled handling of the case, the TMP raised in assigning error to the FPAA. Judge Vasquez’ penultimate paragraph in his report in Stone Canyon Partners v. Commissioner, 2007 WL 4526512, at *5, reads as follows: “In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.” While it is not clear whether he intended that bit of boilerplate to refer to arguments other than those made in support of the motions, the TMP’s affirmative defense certainly raised the issue in the case. Petitioners have had their opportunity for a day in court. Whether they actually received the FPAA is beside the point. All Congress required is that it be mailed to them at a proper address. Judge Vasquez found that it was. Stone Canyon Partners is a partnership-level case, and, for that reason, the partners do not, upon failure to file a petition in response to the FPAA, have the opportunity to sue for a refund, as they would if the case were a deficiency case. See sec. 7422(h); see also, e.g., McCann v. United States, 105 Fed. Cl. 120, 122 (2012), aff’d, 2012 WL 6839761 (Fed. Cir. Nov. 27, 2012). That is a legislative choice that we have no authority to mitigate. Gale, Holmes, Buch, Lauber, and Nega, JJ., agree with this concurring opinion. As one court has stated: Statutes of limitation have been part of the law of every civilized nation from time immemorial. Since each sovereignty may organize its judicial tribunals according to its own notions of policy, it has been recognized since the early days of this republic that statutes of limitation are within the sovereign power of each state to enact. Such statutes, having the effect of denying any judicial remedy for the enforcement of an otherwise valid claim, are justified on grounds of policy and as statutes of repose “designed to protect the citizens from stale and vexatious claims and to make an end to the possibility of litigation after the lapse of a reasonable time.” Guaranty Trust Co. of New York v. United States, 304 U.S. 126, 58 S. Ct. 785, 82 L. Ed. 1224 (1937). The legislative body, in enacting such legislation, may weigh the conflicting interests between one person’s right to enforce an otherwise valid claim and another person’s right to be confronted with any claim against him before the lapse of time has likely rendered unavailable or difficult the matter of obtaining or presenting proof. Any balance of these conflicting interests which is not arbitrary or capricious is within the legislative authority and not subject to constitutional attack for lack of due process. Hargraves v. Brackett Stripping Machine Co., 317 F. Supp. 676, 682-83 (E.D. Tenn. 1970). * * * (Saffioti v. Wilson, 392 F. Supp. 1335, 1339 (S.D.N.Y. 1975).]