T.C. Memo. 2007-81

UNITED STATES TAX COURT

ROBERT J. GOLDBERG AND BRADLEY A. MORGAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7800-05.                    Filed April 5, 2007.

<u>John O. Kent</u> and <u>Dennis N. Brager</u>, for petitioners.

<u>S. Katy Lin</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction.  At
issue is whether this Court has jurisdiction over items
respondent adjusted in the notice of deficiency relating to
Bradley A. Morgan's (petitioner) investment in a partnership.  We
do not decide the issue with respect to the majority of the items

because of the uncertainty of whether TEFRA procedures in sections 6221-6234 apply to those items.[1]  See Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, secs. 402-407(a), 96 Stat. 648.  However, we have jurisdiction over one of the items adjusted regardless of whether TEFRA applies.  Therefore, respondent's motion will be denied.

Background

Petitioners are husband and wife.  Their residence at the time of filing the petition was in Hermosa Beach, California.  Respondent issued a notice of deficiency for the taxable year 2001 to petitioners on January 27, 2005.  The deficiency notice contained adjustments arising from petitioner's interest in a partnership called Alameda Investments, L.L.C. (Alameda).  On its Form 1065, U.S. Return of Partnership Income, for 2001 Alameda listed an ordinary loss of $12,279 from trade or business activities.  On petitioner's Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., petitioner was identified as the 99-percent owner of Alameda.  A separate Schedule K-1 identified Clarion Forex Advisors XV, LLC (Clarion Forex) as the 1-percent partner.  The Schedule K-1 for petitioner allocated to her, as her distributive share, 100 percent of the partnership's

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

loss of $12,279.[2]  Petitioners claimed the loss of $12,279 on their Form 1040, U.S. Individual Income Tax Return, as well as a loss of $1,657,609 based on a sale of securities distributed to petitioner by Alameda.  In addition, petitioners claimed a $125,000 deduction for legal, accounting, consulting, and advisory fees.  Respondent issued a notice of final partnership administrative adjustment (FPAA) for Alameda concurrently with the notice of deficiency.  In the FPAA, respondent determined that Alameda was a sham and that none of the deductions that the partnership claimed on its partnership return were allowable.  The notice of deficiency issued to petitioners stated the following:

> 1.   The deduction of $12,279 shown on your 2001 tax return as your reported share of the loss purportedly sustained by Alameda Investments, LLC is disallowed because you have failed to establish (1) that the purported loss was sustained in any amount by either you or any entity in which you held an interest, (2) that the transaction purportedly generating the loss in question was entered into for profit within the meaning of I.R.C. section 165(c)(2), or (3) that any portion of the loss in question is allowable as a deduction under any other provision of the Internal Revenue Code.  You have also failed to establish that, even if loss was sustained and would otherwise be deducible, any deduction relating to the loss is not specifically limited or disallowed by any provision of the Internal Revenue Code, including without limitation §§ 165, 212, 704(d), or 465.

---

[2]Although petitioner's Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., identifies her as the 99-percent partner for part of the year, her share in the profits and losses is listed as 100 percent.

2.  It is further determined that the loss deduction claimed on your 2001 federal income tax return is disallowed because Alameda Investments, LLC with reference to which you determined basis in the derivative security sold is a sham and should not be recognized for federal income tax purposes.

3.  It is further determined that the deduction of $1,657,609 claimed as a loss for the tax year 2001 is disallowed because you have failed to establish the basis in the partnership interest in Alameda Investments, LLC was greater than zero.  You have also failed to establish the basis in the derivative securities sold or disposed of was greater than zero ($0).

4.  It is further determined that the deduction for the loss claimed is disallowed to the extent that the provisions of Chapter 1, Subchapter K of the Internal Revenue Code were used to calculate basis in the Property sold.  Alameda Investments, LLC was formed or availed of in connection with a transaction or transactions in taxable year 2001 a principal purpose of which was to reduce substantially the present value of your federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code.  The manner in which you and Alameda Investments, LLC accounted for the derivative securities transaction in question violated the intent of Subchapter K.  Accordingly, the parties' accounting for the transaction should be adjusted, pursuant to the authority contained in Treas. Reg. § 1.701-2, to achieve results that are consistent with the intent of Subchapter K by ignoring the existence of the partnership, or treating transactions purportedly engaged in by the partnership as engaged in directly by the purported partners.

5.  It is further determined, in the alternative, that the loss claimed on your 2001 federal income tax return should be decreased to reflect the limitation on your adjusted basis in your partnership interest resulting from your contribution of your position(s) in the securities transaction(s) to the partnership, pursuant to Treas. Reg. § 1.752-6T.

6.  It is further determined, in the alternative, that the loss claimed on your 2001 federal income tax return should

be decreased in the amount of $1,657,609 to limit any loss incurred by you and the partnership in connection with the security transaction to the amount actually at risk in the transaction, pursuant to Internal Revenue Code §465(b)(4).

7.   It is further determined that no deduction is allowed for any legal, accounting, consulting and advisory fees claimed in the amount of $125,000 since you failed to establish that such expenditures were incurred, and if incurred, are deductible under any provision of the Internal Revenue Code, including but not limited to Internal Revenue Code §§ 183 and 212.

Alameda and petitioners filed separate petitions with this Court.  Alameda's petition was filed at docket No. 7810-05.  On January 29, 2007, this Court entered a stipulated decision in the case at docket No. 7810-05.

Petitioners' petition assigned error to all of the determinations respondent made in his notice of deficiency. Paragraph 4(g) of petitioners' petition stated:

The Commissioner erred in his determination that no deduction is allowed for any legal, accounting, consulting and advisory fees, claimed in the amount of $125,000, on the grounds that Petitioners failed to establish that such expenditures were incurred, and if incurred, are deductible under any provision of the Internal Revenue Code.

On September 14, 2006, respondent moved to dismiss the case herein for lack of jurisdiction upon the ground that the notice of deficiency was invalid under section 6225.  On November 3, 2006, petitioners notified the Court that they did not object to respondent's motion.  On November 14, 2006, the Court issued an order to the parties requesting responses, via a written status report, to the following:  (1) Why Alameda does not fall under

the small partnership exception of section 6231(a)(1)(B)(i); and
(2) the parties' positions regarding the Court's jurisdiction
over the losses petitioners claimed on their returns and the
deduction petitioners claimed for legal, accounting, consulting,
and advisory fees.  In their separate status reports, the parties
responded:  (1) One of the partners in Alameda is Clarion Forex,
which is a disregarded entity and therefore disqualifies Alameda
from the small partnership exception; and (2) the Court does not
have jurisdiction over the losses or the deductions petitioners
claimed on their return because those losses flow directly from
partnership items, and since the partnership items had not yet
been determined at the partnership level when respondent issued
the notice of deficiency, this Court does not have jurisdiction
over any of the items in the notice.  In addition, petitioners
conceded that they were not allowed a deduction for legal,
accounting, consulting, and advisory fees.

Discussion

Applicability of TEFRA

TEFRA provisions divide disputes arising from "partnership
items" from those arising from "nonpartnership items".  Maxwell
v. Commissioner, 87 T.C. 783, 787 (1986).  Section 6231(a)(3)
provides:

> (3) Partnership item.--* * * with respect to a
> partnership, any item required to be taken into account
> for the partnership's taxable year under any provision
> of subtitle A to the extent regulations prescribed by

the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

If the tax treatment of a partnership item is at issue, the statute generally requires the matter to be resolved at the partnership level. Sec. 6221; Maxwell v. Commissioner, supra at 787-788. Further, deficiencies attributable to "affected items" may not be assessed until the related partnership proceeding is completed. See sec. 6225(a); GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 525 (2000). An affected item is "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5). An affected item is peculiar to a partner's own tax posture. Maxwell v. Commissioner, supra at 790.

Respondent asserts that all the adjustments in the notice of deficiency consist of affected items that depend on partnership-level determinations. Respondent asserts that the adjustments in the notice of deficiency relating to petitioners' share of the partnership loss is a partnership item under section 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. Respondent further argues that adjustment for the amount of loss petitioners sustained for their sale of securities depends on a determination of petitioners' basis in Alameda, which petitioners used to compute their basis in the securities under section 732(b). Under section 301.6231(a)(5)-1(b), Proced. & Admin. Regs., the basis of a partner's interest in a partnership is an affected

item to the extent it is not a partnership item.  A partner generally may not compute his affected items before a related partnership-level proceeding is completed.  <u>Dial USA, Inc. v. Commissioner</u>, 95 T.C. 1 (1990).  We lack jurisdiction over affected items in a notice of deficiency that was issued before the completion of the related TEFRA partnership proceedings.  <u>GAF v. Commissioner</u>, <u>supra</u> at 525.  Since respondent issued the notice of deficiency before the decision in the related TEFRA proceeding was entered, respondent concludes that we do not have jurisdiction.

We do not have sufficient information to determine whether we have jurisdiction over the above-described items.  The record does not give us enough information to determine whether TEFRA applies.  The Schedules K-1 show that petitioner and Clarion Forex were listed as partners of Alameda.  However, since there are fewer than five partners of Alameda, the small-partnership exception to TEFRA under section 6231(a)(1)(B) may apply.

Section 6231(a)(1)(B) excepts certain small partnerships from TEFRA procedures.  If TEFRA procedures do not apply, they do not restrict the Commissioner from determining deficiencies in the income tax of partners.  Section 6231(a)(1)(B) provides:

(B) Exception for small partnerships.--

    (i) In general.--The term "partnership" shall not
    include any partnership having 10 or fewer partners
    each of whom is an individual (other than a nonresident

alien), a C corporation, or an estate of a deceased partner.  For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

(ii) Election to have subchapter apply.--A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply.  Such election shall apply for such taxable year and all subsequent taxable years unless revoked with the consent of the Secretary.

Respondent claims that Clarion Forex disqualifies Alameda from the small partnership exception because it is a disregarded entity under section 301.7701-3(b)(1)(ii), Proced. & Admin Regs. Respondent takes the position that a disregarded entity is a pass-through partner as defined in section 6231(a)(9).[3]  See Rev. Rul. 2004-88, 2004-2 C.B. 165.  The small partnership exception is not applicable where any partner in the partnership is a "pass-through partner".  See sec. 301.6231(a)(1)-1(a)(2), Proced. & Admin. Regs.  However, neither of the parties identified to whom the interest in Clarion Forex passes through.  Nor do we have sufficient evidence of Clarion Forex's status as a disregarded entity.  Therefore, we specifically do not determine whether TEFRA applies to the adjustments.

However, with respect to the adjustments relating to the deduction for legal, accounting, consulting, and advisory fees,

---

[3]Sec. 6231(a)(9) provides that "The term 'pass-thru partner' means a partnership, estate, trust, S corporation, nominee, or other similar person through whom other persons hold an interest in the partnership with respect to which proceedings under this subchapter are conducted."

we retain jurisdiction regardless of whether TEFRA applies. Paragraph 4(g) of the petition assigned error to the adjustment in paragraph 7 of the explanation of items in the notice of deficiency denying petitioners a deduction under section 183 or section 212 for any legal, accounting, consulting, and advisory fees for the taxable year 2001. These items are neither partnership items nor affected items. They were claimed by petitioners on their individual return, not by the partnership on its partnership return.

Respondent contends that the items referred to in paragraph 4(g) of petitioners' petition are affected items. Respondent reasons that the deduction was disallowed because Alameda and the partnership transaction at issue were shams, and that the determination of whether a partnership is a sham is a partnership item. Respondent cites River City Ranches #1 Ltd. v. Commissioner, 401 F.3d 1136, 1144 (9th Cir. 2005), affg. in part and revg. in part T.C. Memo. 2003-150, and Andantech L.L.C. v. Commissioner, 331 F.3d 972, 981 (D.C. Cir. 2003), affg. in part and remanding T.C. Memo. 2002-97, to support his assertion.

We find that River City Ranches, which dealt with the penalty-interest provision of section 6621(c), is distinguishable. The issue of whether the partnership's transactions were shams directly affected the penalty-interest issue. In this case, even if the Court were to determine that

the partnership or the transaction the partnership engaged in was a sham, that would not necessarily mean petitioners are not entitled to an individual deduction for legal, accounting, consulting, and advisory fees.  Further, Andantech is inapplicable because neither this Court nor the Court of Appeals for the D.C. Circuit resolved the issue of whether a partner's individual deductions would be classified as a partnership item or an affected item in the event that the transaction at issue were declared to be a sham.

We find that even if the partnership is a sham, we still retain jurisdiction over the deduction for legal, accounting, consulting, and advisory fees.  The result would be the same even if TEFRA applied to the partnership.  The notice of deficiency disallows the deduction at the individual level.  Petitioners claimed the deduction on their individual return.  The deduction was not claimed on the partnership return nor claimed by petitioners as their distributive share of any deduction on the partnership return.  The disallowance of the deduction at the individual level did not flow from a deduction disallowed at the partnership level, nor is the legality of the deduction at the individual level necessarily affected by a determination at the partnership level.  Petitioners concede that they are not entitled to the deduction for the items to which paragraph 4(g) of the petition refers.  It is irrelevant whether petitioners

concede that they are not entitled to the disputed deduction. Such a concession does not deprive us of jurisdiction. See <u>LTV Corp. v. Commissioner</u>, 64 T.C. 589, 591 (1975).

Thus, we conclude that we do have jurisdiction to redetermine petitioners' deduction for legal, accounting, consulting, and advisory fees. Therefore, respondent's motion to dismiss for lack of jurisdiction will be denied.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.