JOHN C. BEDROSIAN AND JUDITH D. BEDROSIAN, PETITIONERS
*v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12341–05.          Filed March 17, 2015.

Ps invested in a Son-of-BOSS transaction through a part-
nership that was subject to the partnership provisions of the
Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No.
97–248, sec. 402(a), 96 Stat. at 648. R issued an FPAA with
respect to the partnership determining that the partnership
was a sham. Ps did not file a timely petition. Ps claimed
deductions for professional fees. R issued a notice of deficiency
duplicating the partnership adjustments and also disallowing
the deduction for professional fees. R filed a motion to dismiss
asserting that we lack jurisdiction over the entire case. In
*Bedrosian v. Commissioner*, T.C. Memo. 2007–375, we granted
the motion in part but held that we have jurisdiction over the
deductibility of the professional fees. Ps seek leave to file a
motion for reconsideration out of time that would ask the
Court to revisit whether we have jurisdiction over the deduct-
ibility of the professional fees. Ps assert that intervening
caselaw would have us reach a different result. *Held*: In deter-
mining whether to grant leave to file a motion out of time, we
may consider the merits of the underlying motion. *Held*, *fur-
ther*, the deductibility of professional fees paid and claimed as
a deduction at the partner level is a factual affected item that
is subject to deficiency procedures.

*Richard E. Hodge* and *Stephen Mather*, for petitioners.
*Melanie R. Urban* and *Janet Reiners Balboni*, for
respondent.

## OPINION

BUCH, *Judge*: This case has a long history, only the rel-
evant portion of which we recount. For more background, see
our prior opinions in this case, *Bedrosian v. Commissioner*,
143 T.C. 83 (2014), and T.C. Memo. 2007–375. *See also Stone
Canyon Partners v. Commissioner*, T.C. Memo. 2007–377,

*aff'd sub nom. Bedrosian v. Commissioner*, 358 Fed. Appx. 868 (9th Cir. 2009); *Bedrosian v. Commissioner*, T.C. Memo. 2007–376, *aff'd*, 358 Fed. Appx. 868 (9th Cir. 2009).

## *Background*

The Bedrosians participated in what has come to be known as a Son-of-BOSS transaction, and that transaction involved an investment in a partnership, Stone Canyon Partners, LLC. The partnership was subject to the audit and litigation procedures found at sections 6221 through 6234, commonly referred to as TEFRA (short for the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97–248, sec. 402(a), 96 Stat. at 648).[1] The Internal Revenue Service (IRS) conducted an examination and eventually issued a notice of final partnership administrative adjustment (FPAA) with respect to the 1999 partnership taxable year. The principal adjustment at the partnership level was a determination by the IRS that the partnership was a sham.

The Bedrosians did not file a timely petition in response to the FPAA. As a result, all partnership items are final. The adjustments set forth in the FPAA are final and may not be collaterally attacked. *See New Millennium Trading, LLC v. Commissioner*, 131 T.C. 275, 279 (2008) ("The determinations of partnership items in partnership-level proceedings are binding on the partners and may not be challenged in subsequent partner-level proceedings."); *Blonien v. Commissioner*, 118 T.C. 541, 564 (2002) ("We are bound by the determination made at the partnership level".); *see also Maxwell v. Commissioner*, 87 T.C. 783, 788 (1986). Likewise, any partnership items that were not adjusted are final and cannot be revisited in a collateral proceeding. *See Roberts v. Commissioner*, 94 T.C. 853, 857 (1990) ("Respondent did not commence any partnership proceedings for these TEFRA partnerships and, therefore, did not issue Notices of Final Partnership Administrative Adjustment * * * . Consequently, the tax treatment of all partnership items with respect to these partnerships is final in accordance with the tax returns

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

filed by these partnerships."); *see also Jenkins v. Commissioner*, 102 T.C. 550 (1994); *Gustin v. Commissioner*, T.C. Memo. 2002–64.

The IRS also issued notices of deficiency to the Bedrosians for 1999 and 2000, one of which underlies this case. The Bedrosians filed a timely petition in this case, placing at issue all of the items in the notice of deficiency. Nearly all of the adjustments set forth in the notice of deficiency are either partnership items or items that the IRS adjusted as a result of the partnership-level proceeding. The principal adjustment was the disallowance of a loss that was a direct result of the determination that the partnership was a sham. Many of the other adjustments were computational—mathematical results of the disallowance of that loss. We dismissed the items that were a direct result of the determinations made in the partnership-level proceeding because we lack jurisdiction over those items in this proceeding. *Bedrosian v. Commissioner*, T.C. Memo. 2007–375. But one item remained.

The notice of deficiency also disallowed a deduction for professional fees. On line 22 of the Schedule A, Itemized Deductions, attached to the Bedrosians' 2000 Form 1040, U.S. Individual Income Tax Return, the Bedrosians reported $618,985 of other expenses. That line referred to Statement 10, which contained several items. One of those items was listed on the statement as follows:

| DESCRIPTION | AMOUNT |
|---|---|
| TAX ATTORNEY FEES | 525,000 |

Statement 10 also included other fees that were described as legal or tax related, but it was this entry that the IRS adjusted in its notice of deficiency, stating:

> No deduction is allowed for any legal, accounting, consulting and advisory fees claimed since you failed to establish such expenditures were incurred and if incurred, are deductible under any provision of the Internal Revenue Code, including but not limited to I.R.C. Section[s] 183 and 212. Therefore, a Schedule A Miscellaneous Deduction of $525,000 in taxable year 2000 is herein disallowed.

When we dismissed from this case both the partnership items and the items that resulted computationally from the adjustments to partnership items, we retained jurisdiction

over the issue of the deductibility of the $525,000 of professional fees. Unlike the items we dismissed, the professional fees that the IRS disallowed did not represent a disallowance of a deduction at the partnership level, "nor is the legality of the deduction at the individual level necessarily affected by a determination at the partnership level." *Bedrosian v. Commissioner*, T.C. Memo. 2007–375, slip op. at 8 (citing *Goldberg v. Commissioner*, T.C. Memo. 2007–81).

On January 29, 2015, the Bedrosians filed a motion for leave to file a motion for reconsideration of findings or opinion. In that motion the Bedrosians represent that respondent has no objection to the granting of the motion. With their motion for leave, the Bedrosians lodged their prospective motion for reconsideration wherein they ask that we reconsider T.C. Memo. 2007–375. And as with the motion for leave, the Bedrosians represent that respondent has no objection to the granting of the motion to reconsider. This is unsurprising, in that the position taken by the Bedrosians in their motion for reconsideration is the position taken by respondent in his earlier motion to dismiss.

## *Discussion*

A motion for reconsideration generally must be filed within 30 days after a written opinion has been served; however, the Court may grant leave to file an untimely motion. Rule 161. Thus, we must consider whether to allow the untimely motion.

When considering whether to allow the filing of an untimely motion, we can consider the merits of the underlying motion. In *Cinema '84 v. Commissioner*, 122 T.C. 264 (2004), a partner who had not participated in a TEFRA proceeding sought leave to file an election to participate out of time. The partner intended to subsequently move to vacate the final decision in the case. We denied his motion because there were "no viable grounds for vacating the final decision in this case. Accordingly, granting movant's motion for leave [to file notice of election out of time] would be nothing more than an act of futility". *Id.* at 272; *see also Russo v. Commissioner*, 98 T.C. 28, 31 (1992) (denying taxpayer's motion for leave to file amendment to petition where taxpayer would not prevail on her claim even if motion were granted);

*Stillman v. Commissioner*, T.C. Memo. 1995–591 (denying taxpayer's motion for leave to vacate decision out of time because she would not prevail on her claim of fraud on the Court even if her motion were granted). Thus, we turn to petitioners' prospective motion for reconsideration of our opinion that we have jurisdiction over the determination of the deductibility of the professional fees.

## I. *Reconsideration*

Rule 161 allows motions for reconsideration of findings or opinion, and the Court has the discretion to grant a motion for reconsideration. *Vaughn v. Commissioner*, 87 T.C. 164, 166 (1986). Although this Rule is in title XVI, addressing posttrial proceedings, such motions may be filed with regard to interlocutory orders. A motion for reconsideration is not an appropriate mechanism by which to reassert previously unsuccessful arguments or to present new legal theories. *Stoody v. Commissioner*, 67 T.C. 643, 644 (1977). And we typically grant motions for reconsideration only if there is a substantial error or unusual circumstances. *CWT Farms, Inc. v. Commissioner*, 79 T.C. 1054, 1057 (1982), *supplementing* 79 T.C. 86, *aff'd*, 755 F.2d 790 (11th Cir. 1985).

In considering whether to grant reconsideration, we can look to the Federal Rules of Civil Procedure. The Tax Court Rules of Practice and Procedure are, to some extent, based on the Federal Rules, and we may defer to the Federal Rules when they are "suitably adaptable to govern the matter at hand." Rule 1(b). The closest corollary to our Rule 161 is rule 60(b) of the Federal Rules of Civil Procedure. That rule allows for relief from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. In the Court of Appeals for the Ninth Circuit, to which this case would be appealable, reconsideration is appropriate if "(1) [a court] is presented with newly discovered evidence, (2) [a court] committed clear error or the initial decision was manifestly unjust, or (3) * * * there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (1993).

The Bedrosians' prospective motion for reconsideration is predicated on this last reason, their claim that there has been an intervening change in the controlling law. In both their motion for leave and their prospective motion for reconsideration, the Bedrosians cite "intervening jurisprudence" as the reason we should reconsider our prior opinion. That intervening jurisprudence relates to the scope of the terms "partnership items" and "affected items".

II. *Partnership Items*

The definition of partnership items has been the subject of extensive litigation. The definition is largely regulatory. The term "partnership item" is defined by statute as "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." Sec. 6231(a)(3). The Secretary has promulgated detailed regulations defining what is a partnership item.

The regulations define partnership items expansively. The general rule is that partnership items include items of income, gain, loss, deduction, or credit. Sec. 301.6231(a)(3)–1(a)(1), Proced. & Admin. Regs. These generally are items of immediate and direct tax consequences to the partners. The same is true with guaranteed payments, which are also partnership items. *Id.* para. (a)(2). But partnership items also include items that might not have immediate or direct tax consequences, items such as contributions and distributions. *Id.* para. (a)(4). And similarly with optional adjustments to the basis of partnership property. *Id.* para. (a)(3). Beyond these items, the regulations contain a residual catchall that expands partnership items to include "the accounting practices and the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." *Id.* para. (b).

Although not expressly stated in the statute or the regulations, the issue of whether a partnership is a sham is also a partnership item. *Petaluma FX Partners, LLC v. Commissioner*, 131 T.C. 84 (2008), *aff'd in part, rev'd in part and*

*remanded*, 591 F.3d 649 (D.C. Cir. 2010). This necessarily must be the case because in order to determine items such as the income, gain, loss, deduction, or credit of the partnership, one must first determine that there is a partnership. Thus, the sham determination is brought into the definition of partnership items through the residual catchall. The Court of Appeals for the Ninth Circuit, to which this case is appealable, has reached the same conclusion, stating: "We join the D.C. and Eighth Circuits in holding that a determination as to a partnership's validity, such as the determination that * * * [a partnership] was a sham, falls within the definition of a partnership item." *Napoliello v. Commissioner*, 655 F.3d 1060, 1065 (9th Cir. 2011), *aff'g* T.C. Memo. 2009–104.

### III. *Nonpartnership and Affected Items*

Two other terms are relevant to the issue of whether we have jurisdiction over the deductibility of the professional fees reported by the Bedrosians.

Nonpartnership items are defined in the negative to be "an item which is (or is treated as) not a partnership item." Sec. 6231(a)(4). Thus anything that is not a partnership item is, by definition, a nonpartnership item.

Some nonpartnership items, even though they might have nothing to do with a partnership, are affected items. The Code defines affected items to be "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5). An example might be an individual's Schedule A deduction for medical expenses. Medical expense deductions are subject to a floor. Sec. 213(a). If the income flowing to a partner changes, then the floor for medical expense deductions changes. As a result, a nonpartnership item that is wholly unrelated to the partnership (a partner's medical expense deductions) is affected by a partnership item (the partner's share of partnership income) and becomes an affected item.

Affected items are further divided into two important subcategories: computational affected items and factual affected items. *See N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 744 (1987). A computational affected item is one that can be determined mathematically, such as the medical expense deduction just described. Sec. 6231(a)(6); *White v. Commissioner*, 95 T.C. 209, 211 (1990). A factual affected

item is an affected item that requires further factual determinations at the partner level. The extent to which a partner is at risk for his investment is an example of a factual affected item. *Hambrose Leasing 1984–5 Ltd. P'ship v. Commissioner*, 99 T.C. 298, 310 (1992) ("It is only after the losses, deductions, and credits of a partnership have flowed through to [the] individual partners that the at-risk status of the partners can be determined."); *Roberts v. Commissioner*, 94 T.C. 853.

Whether an affected item is factual or computational affects what procedures apply to the assessment of tax relating to that item. Computational affected items are not subject to deficiency procedures. *See generally* sec. 6230(a)(1). Following a TEFRA proceeding, the IRS may assess tax attributable to those items, along with the tax attributable to partnership items, by way of computational adjustment. Sec. 6231(a)(6). In contrast, affected items that require partner-level determinations are subject to deficiency procedures. Sec. 6230(a)(2)(A)(i).

## IV. *Professional Fees*

The issue that would be before us in a motion for reconsideration is whether tax resulting from the IRS' disallowance of a deduction for the professional fees reported by the Bedrosians is a partnership item or a computational affected item, either of which can be assessed without following deficiency procedures. If it is either of those, we would lack jurisdiction over the IRS' disallowance of a deduction for the professional fees in this proceeding. If, however, the IRS' disallowance of a deduction for the professional fees is a factual affected item or a nonpartnership item that is wholly unrelated to the partnership, any tax resulting from the adjustment must be assessed through deficiency procedures, and we would have jurisdiction to determine the item in this proceeding.

The Bedrosians argue:

In the intervening time between the Opinion and now, the Court (and other courts) have had occasion to refine the analysis concerning the proper characterization of legal fees that are disallowed based on a partnership sham determination. In particular, in *Domulewicz v. Commissioner*, T.C. Memo. 2010–177, the Court determined that legal fees dis-

allowed based on their connection to a putative partnership sham transaction were in fact affected items.

The Bedrosians are correct, insofar as their statement goes. But the question remains whether the deductibility of the professional fees is a computational affected item or a factual affected item that is subject to deficiency procedures.

Here, the very case cited by the Bedrosians is instructive. In that case, we stated:

> *To the extent that the fees were related to the partnership and to the transaction*, the fees (and the S corporation's claimed deduction of the fees) were affected by the partnership-item determination in that the fees were nondeductible given the lack of an income, profit, or business-related motive encompassed in, and then flowing from, the partnership-level determination. * * * [*Domulewicz v. Commissioner*, T.C. Memo. 2010–177, slip op. at 9; emphasis added.]

We went on to state that, if the fees were related to a partnership that was determined in the TEFRA proceeding to be a sham, then the payment of the fees would have lacked the "business-related, profit, or income motive that served as a precondition to deducting the fees under section 162, 183, or 212, respectively, the only statutory provisions that would have permitted such a deduction." *Id.*, slip op. at 10. In sum, *if* the fees relate to a partnership that is determined to be a sham, then the disallowance of a deduction for the fees is an affected item. With that, we turn to the professional fees deducted by the Bedrosians.

Both the Bedrosians and the IRS argue that the deductibility of the professional fees is an affected item, but our jurisdiction does not turn on that question. We lack jurisdiction only if the deductibility of the professional fees is a computational affected item.

The deductibility of the professional fees is a factual affected item. The professional fees deducted by the Bedrosians were reported on their Schedule A as simply "TAX ATTORNEY FEES"; they were not reported as flowing from a TEFRA entity. A partner-level factual determination must be made as to whether those fees relate to the Bedrosians' participation in the partnership that has been determined to be a sham. The answer to this question may be known to the parties; it may be a fact to which the parties are willing to stipulate. But a factual determination at the

partner level over which there is no dispute nonetheless remains a factual determination at the partner level. Accordingly, the deductibility of the professional fees is a factual affected item subject to deficiency procedures and over which we have jurisdiction.

### *Conclusion*

The Bedrosians ask us to grant leave for them to file an untimely motion for reconsideration. That motion for reconsideration would have us reconsider our opinion in which we held that we have jurisdiction over the deductibility of professional fees that the Bedrosians reported as deductions on their personal income tax return. Because the deductibility of those fees is a factual affected item, we have jurisdiction to determine the deductibility of those fees in this proceeding. In doing so, we are bound by prior partnership-level determinations, such as the determination that the partnership is a sham. Because the motion for reconsideration would not yield a different result, we will deny the motion for leave.

*An appropriate order will be issued.*