148 T.C. No. 16

UNITED STATES TAX COURT

BERNARD P. MALONE AND MARY ELLEN MALONE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22750-09.                     Filed May 1, 2017.

Ps were partners of a partnership that was subject to the unified audit and litigation procedures of I.R.C. secs. 6221-6234. Ps did not report their share of partnership items on their return and did not file a notice of inconsistent treatment. <u>See generally</u> I.R.C. sec. 6222. R assessed the tax attributable to the partnership items as originally reported by the partnership. In this deficiency proceeding, R asserted a negligence penalty relating to Ps' failure to report partnership items. Ps moved to dismiss the penalty from this case, asserting that we lack jurisdiction over a penalty relating to their inconsistent reporting. Deficiency procedures do not apply to "penalties, additions to tax, and additional amounts that relate to adjustments to partnership items". I.R.C. sec. 6230(a)(2)(A)(i).

<u>Held</u>: Because there were no adjustments to partnership items, deficiency procedures apply to the penalty asserted by R.

Val J. Albright and Brent C. Gardner, for petitioners.

Christopher M. Menczer, Heather L. Lampert, and Linda L. Wong, for respondent.


OPINION


BUCH, Judge:  This matter is before the Court on the Malones' motion to dismiss for lack of jurisdiction the portion of this case that relates to the section 6662(a) penalty that the Commissioner asserted because the Malones did not report certain partnership items on their joint 2005 Form 1040, U.S. Individual Income Tax Return.[1]  The Commissioner objects.  For the reasons set forth below, the Court will deny the Malones' motion.

## Background

During 2005 Mr. Malone was a partner of MBJ Mortgage Services America, Ltd. (MBJ), a partnership that is subject to the unified audit and litigation procedures of sections 6221-6234, commonly referred to as the TEFRA

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) as in effect at all relevant times.  All monetary amounts are rounded to the nearest dollar.

provisions.[2]  On its 2005 Form 1065, U.S. Return of Partnership Income, MBJ reported installment sales of partnership assets and reported as Mr. Malone's distributive share from those sales $3,200,748 of ordinary income and $3,547,326 of net long-term capital gain.

On their joint 2005 Form 1040 the Malones failed to report Mr. Malone's distributive share from those sales but reported $4,526,897 of long-term capital gain from the sale of Mr. Malone's partnership interest in MBJ.  With respect to Mr. Malone's distributive share, the Malones did not file a Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request, or otherwise notify the Commissioner that they were taking a position inconsistent with that reported by MBJ.  The Malones also claimed repairs and maintenance and bad debt deductions, both of which are unrelated to MBJ.

In the notice of deficiency on which this case is based the Commissioner adjusted the Malones' return to include the partnership items reported by MBJ but omitted by the Malones, disallowed the reported net long-term capital gain because Mr. Malone did not sell his partnership interest in 2005, and disallowed the claimed repairs and maintenance and bad debt deductions.

---

[2]TEFRA is an acronym for the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, sec. 1(a), 96 Stat. at 324.

The Malones filed a timely petition with this Court. In his amended answer the Commissioner asserted a section 6662(a) penalty on the alternative grounds of a substantial understatement of income tax and negligence.

The Commissioner filed a motion to dismiss for lack of jurisdiction and to strike as to partnership items. The Malones objected to that motion. In an order dated June 5, 2012, the Court granted the Commissioner's motion, dismissing for lack of jurisdiction the portion of this case relating to MBJ's partnership items. In doing so, however, the Court noted that "we shall not consider the jurisdictional issue discussed by the parties concerning the applicability of the section 6662(a) penalty."

Subsequently, the Commissioner filed an amendment to his amended answer, clarifying that he asserted the section 6662(a) penalty only on account of the Malones' failure to report Mr. Malone's distributive share of partnership items flowing from MBJ; the Commissioner is not asserting a penalty on account of the treatment of any of the other adjustments included in the notice of deficiency. The Court ordered supplemental briefing on the jurisdictional question, and the parties filed their respective responses. The Malones contend that the Court lacks jurisdiction to determine the applicability of the section 6662(a) penalty, and the Commissioner takes the contrary position.

## Discussion

Section 6222(a) requires partners to treat partnership items "in a manner which is consistent with the treatment of such partnership item on the partnership return." In the case of inconsistent treatment where, as here, the partner fails to notify the Secretary, the Commissioner may adjust the partner's return to include the partnership items and assess any resulting tax as a computational adjustment without the need for a partnership-level proceeding and without issuing a notice of deficiency. Sec. 6222(c)(2).

A partner who reports partnership items inconsistently with the partnership's treatment of them may be subject to penalties. Section 6222(d) refers to the applicable penalties for "disregard of the requirements of this section".[3] The section 6662(a) and (b)(1) penalty for negligence is among those referenced. Likewise, section 1.6662-3(b)(1), Income Tax Regs., states: "Negligence is strongly indicated where--* * * (iii) A partner fails to comply with the requirements of section 6222, which requires that a partner treat partnership items on its return in a manner that is consistent with the treatment of such items on the partnership return (or notify the Secretary of the inconsistency)".

---

[3]Although subsec. (d) refers to "addition to tax", it points to title 26, chapter 68, subchapter A, part II, titled "Accuracy-Related and Fraud Penalties".

Although the Code and the regulations provide that an accuracy-related penalty may apply in situations of inconsistent reporting, in this case the Court must determine whether deficiency procedures apply to a determination of that penalty.

I.     TEFRA Overview

Congress passed TEFRA over 30 years ago.  Before TEFRA, adjustments with respect to partnership items were made to each partner's income tax return when (and if) that return was examined.  See H.R. Conf. Rept. No. 97-760, at 599 (1982), 1982-2 C.B. 600, 662.  TEFRA's unified audit and litigation procedures were intended generally to increase compliance with and administration of the partnership tax laws.  Id. at 600, 1982-2 C.B. at 662.  More specifically, TEFRA was enacted to alleviate the administrative burden caused by duplicative audits and litigation.[4]  Samueli v. Commissioner, 132 T.C. 336, 340 (2009).  "Congress decided that no longer would a partner's tax liability be determined uniquely but 'the tax treatment of any partnership item [would] be determined at the partnership level.'"  Maxwell v. Commissioner, 87 T.C. 783, 787 (1986) (alteration in

---

[4]The conference committee explained the TEFRA partnership provisions as follows:  "[T]he tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners."  H.R. Conf. Rept. No. 97-760, at 600 (1982), 1982-2 C.B. 600, 662.

original) (quoting section 6221). The requirement of a single, unified proceeding at the partnership level was designed to reduce the duplication of proceedings and increase the consistency of the treatment of partnership items. H.R. Conf. Rept. No. 97-760, supra at 599-600, 1982-2 C.B. at 662-663.

Section 6221 provides that the tax treatment of all "partnership items" is determined at the partnership level. The Secretary must mail each notice partner whose name and address is furnished a notice of the beginning of an administrative partnership-level proceeding and a notice of final partnership administrative adjustment (FPAA). Sec. 6223(a). The determination of partnership items in a partnership-level proceeding (through either failure to respond to an FPAA or a final court decision) is conclusive. Once adjustments are made at the partnership level, the Internal Revenue Service (IRS) will make any necessary partner-level changes, including changes to "affected items". If an adjustment to an affected item is merely computational and can be made without making additional partner-level determinations, the IRS can directly assess the tax due without having to follow the usual deficiency procedures. Sec. 6230(a)(1); sec. 301.6231(a)(6)-1(a)(2), Proced. & Admin. Regs. However, if an adjustment to an affected item requires a partner-level factual determination, the IRS must follow deficiency

procedures. Sec. 6230(a)(2)(A)(i); sec. 301.6231(a)(6)-1(a)(3), Proced. & Admin. Regs.

II.    Tax Items Overview

Whether a tax item is a "partnership item" or a "nonpartnership item" governs whether it is addressed in partnership-level proceedings or partner-level proceedings. A partnership item is "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A [Income Taxes] to the extent [the] regulations * * * provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." Sec. 6231(a)(3). Nonpartnership items are defined in the negative to be "an item which is (or is treated as) not a partnership item." Sec. 6231(a)(4). Thus anything that is not a partnership item is, by definition, a nonpartnership item.

Some nonpartnership items, even though they might have nothing to do with a partnership item, are affected items. Ginsburg v. Commissioner, 127 T.C. 75, 79-80 (2006). The Code defines affected items to be "any item to the extent such item is affected by a partnership item." Sec. 6231(a)(5).

> An example might be an individual's Schedule A deduction for medical expenses. Medical expense deductions are subject to a floor. Sec. 213(a). If the income flowing to a partner changes, then the floor for medical expense deductions changes. As a result, a nonpartnership item that is wholly unrelated to the partnership (a

partner's medical expense deductions) is affected by a partnership item (the partner's share of partnership income) and becomes an affected item. [Bedrosian v. Commissioner, 144 T.C. 152, 158 (2015).]

Affected items are further divided into two important subcategories: computational affected items and factual affected items. See N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987). A computational affected item is one that can be determined mathematically, such as the medical expense deduction just described. Sec. 6231(a)(6); White v. Commissioner, 95 T.C. 209, 211 (1990). A factual affected item is an affected item that requires further factual determinations at the partner level. Bedrosian v. Commissioner, 144 T.C. at 158-159. The extent to which a partner is at risk for his investment is an example of a factual affected item. Hambrose Leasing 1984-5 Ltd. P'ship v. Commissioner, 99 T.C. 298, 310 (1992) ("It is only after the losses, deductions, and credits of a partnership have flowed through to [the] individual partners that the at-risk status of the partners can be determined."); see also Bedrosian v. Commissioner, 144 T.C. at 159; Roberts v. Commissioner, 94 T.C. 853, 861 (1990).

Whether an affected item is factual or computational generally determines what procedures apply to the assessment of tax relating to that item. Computational affected items are not subject to deficiency procedures. See generally sec.

6230(a)(1). Following a TEFRA proceeding, the IRS may assess tax attributable to those items, along with the tax attributable to partnership items, by way of computational adjustment. Sec. 6231(a)(6). In contrast, affected items that require partner-level factual determinations are subject to deficiency procedures. Sec. 6230(a)(2)(A)(i).

Penalties that are factual affected items, however, require one further step of analysis to determine whether deficiency procedures apply. Before 1997 the applicability of all penalties relating to partnership items was determined at the partner level because penalties are affected items. But through the Taxpayer Relief Act of 1997 (1997 Act), Pub. L. No. 105-34, sec. 1238, 111 Stat. at 1026, Congress amended various provisions so that penalties relating to adjustments to partnership items would be determined at the partnership level. Section 6221 now provides that "the tax treatment of any partnership item (and the applicability of any penalty * * * which relates to an adjustment to a partnership item) shall be determined at the partnership level." Likewise, Congress amended section 6230(a)(2)(A)(i) to exclude from deficiency procedures "penalties * * * that relate to adjustments to partnership items" irrespective of their status as affected items. Therefore, for the deficiency procedures to apply, the penalty must not be "relate[d] to adjustments to partnership items."

III.    Section 6662(a) Negligence Penalty

With respect to the facts at issue here, the Court must determine whether the deficiency procedures apply to a section 6662(a) accuracy-related penalty for negligence imposed solely because of a partner's inconsistent reporting of partnership items. We begin with an easy proposition that section 6662(a) penalties, such as the one asserted here, are found in subtitle F of title 26--not in subtitle A. Because partnership items are limited to items arising under subtitle A, this penalty is not a partnership item; it is a nonpartnership item. And unless it is a computational affected item, it is subject to deficiency proceedings.

The Malones highlight the central issue to their motion succinctly: "[I]t is unclear whether the penalties are an affected item. If the penalties are an affected item, then the Court likely does not have jurisdiction." Implicitly, the Malones concede that, if the penalty is neither a partnership item nor an affected item, then it is subject to deficiency procedures. And rightly so. If it is neither a partnership item nor an affected item, then the TEFRA provisions would not apply, and the usual deficiency procedures of section 6212 would apply.[5] Under the unique facts

---

[5]The regulations define "affected item" to include "any penalty, addition to tax, or additional amount provided by subchapter A of chapter 68 of the Internal Revenue Code of 1986 to the extent provided in this paragraph (e)." Sec. 301.6231(a)(5)-1(e)(1), Proced. & Admin. Regs. The subparagraphs address only
(continued...)

of this case, as discussed below, the deficiency procedures apply even if this penalty is an affected item.

Before 1997 the categorization of accuracy-related penalties as factual affected items was clear. "The additions to tax for negligence and valuation overstatement are affected items requiring factual determinations at the individual partner level"; normal deficiency procedures apply. Crowell v. Commissioner, 102 T.C. 683, 689 (1994) (citing N.C.F. Energy Partners v. Commissioner, 89 T.C. at 745); Crystal Beach Dev. of Destin, Ltd. v. Commissioner, T.C. Memo. 2000-170, 79 T.C.M. (CCH) 2068, 2069 n.2 (2000) (concluding that the Court lacked jurisdiction in a partnership-level proceeding and noting that "we are satisfied that Congress intended for accuracy-related penalties to be treated similarly to additions to tax; i.e., as affected items"). Section 6662(a) and (b)(1) penalties for negligence based on partnership items were and continue to be factual affected items.

Through the 1997 Act, however, Congress modified the Court's deficiency jurisdiction with respect to certain penalties. Before the 1997 Act, following a partnership-level proceeding, the Commissioner was required to issue a notice of

[5](...continued)
penalties applicable after an adjustment to a partnership item has been made. Id.

deficiency to each of the partners to assert penalties relating to the adjustment of partnership items. This was inefficient because the predicate for the penalty was often related events that occurred at the partnership level, which would be common to all of the partners. The 1997 Act streamlined this process by bypassing deficiency procedures for penalties attributable to adjustments of partnership items. To effect this change, Congress amended several TEFRA provisions to expand the scope of TEFRA to include "the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item". Sec. 6221; see also sec. 6226(f) (expanding a court's jurisdiction in a TEFRA proceeding to include penalties).

Most pertinent here, Congress amended section 6230(a), which related to the interplay between deficiency procedures and TEFRA proceedings. Generally, deficiency procedures do not apply to the assessment of tax that may be determined computationally and included in a computational adjustment. Sec. 6230(a)(1). However, deficiency procedures continue to apply to the assessment of tax attributable to affected items that require partner level determinations. Sec. 6230(a)(2)(A)(i). Before the 1997 Act this would have included penalties resulting from a TEFRA proceeding. But with the 1997 Act, Congress excluded

from deficiency proceedings "penalties, additions to tax, and additional amounts that relate to adjustments to partnership items". Id.

But in this case there are no adjustments to partnership items. There is no dispute that the partnership items reported by MBJ were not adjusted--the Commissioner did not attempt to dispute the items as reported on MBJ's Form 1065. The Malones argue, however, that the inconsistently reported partnership items on their 2005 Form 1040 were "adjusted" within the meaning of section 6230(a)(2)(A)(i). We disagree.

The adjustments made to the liability reported on the Malones' 2005 Form 1040 were computational adjustments to their tax liability to take into account the partnership items as originally reported by MBJ. There were no adjustments to partnership items. Accordingly, the section 6230(a)(2)(A)(i) exclusion from deficiency procedures is inapplicable to the section 6662(a) and (b)(1) negligence penalty before the Court in this case.

IV. Conclusion

Regardless of whether the section 6662(a) and (b)(1) negligence penalty is a nonpartnership item or a factual affected item unrelated to an adjustment to a partnership item, deficiency procedures apply to the determination of the penalty

because there were no adjustments to partnership items.  Accordingly, the

Malones' motion to dismiss for lack of jurisdiction must be denied.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.