# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-1103**

**September Term, 2021**

FILED ON: APRIL 1, 2022

DANIEL E. LARKIN AND CHRISTINE LARKIN,
APPELLANTS

v.

COMMISSIONER OF INTERNAL REVENUE,
APPELLEE

---

Appeal from the United States Tax Court

---

Before: ROGERS, TATEL and PILLARD, *Circuit Judges*.

## JUDGMENT

This appeal was considered on the record from the United States Tax Court and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States Tax Court be affirmed.

## I.

Taxpayers Daniel and Christine Larkin are married United States citizens who moved to the United Kingdom in 1998 and continued to reside there during the years at issue. On November 15, 2013, the Commissioner of Internal Revenue sent Taxpayers a notice of deficiency stating that Taxpayers had failed to pay taxes owed from 2008 to 2010. Taxpayers filed a *pro se* petition with the Tax Court challenging the Commissioner's determinations. The Tax Court ruled for the Commissioner on most of the issues, including the two raised here, and denied Taxpayers' motion for reconsideration.

On appeal, Taxpayers first contend that the Tax Court erred by declining to consider their claims for 2008 Schedule A itemized deductions, Schedule E real estate losses, and foreign tax credits. Taxpayers essentially concede that these three claims were not expressly included in their petition but maintain that they implicitly challenged the Commissioner's determinations on those

claims by writing "See . . . filed Returns" on their petition.  Second, Taxpayers seek reversal of the Tax Court's finding that they had failed to substantiate their foreign tax credit ("FTC") claim for 2009.  Taxpayers had argued they were owed an FTC in 2009 because they had accumulated rollover credit from previous years.  Although their 2007 return was not in evidence, Tax Ct. Mem. Op. at 60, Taxpayers now claim that the Commissioner had approved their FTC computations for 2007 in reversing its initial adjustments due to lack of jurisdiction, and those 2007 computations, in combination with 2008 and 2009 FTC forms in evidence, substantiate the 2009 claimed credit.

The Tax Court found that the three 2008 claims were forfeited because they were not specified in the Taxpayers' petition.  *Id.* at 23–28.  Tax Court Rule 34(b)(4) requires a taxpayer's petition to contain "[c]lear and concise assignments of each and every error which the petitioner alleges," and states that "[a]ny issue not raised in the assignments of error shall be deemed to be conceded."  *Id.* at 22–23.  The court also noted that the Taxpayers had failed to file a pretrial memorandum listing the issues in dispute and ultimately agreed to the Commissioner's list, which did not include the three issues the Taxpayers claim were implicitly raised.  *Id*. at 24, 26–27.

On the second issue, the Tax Court found that the Taxpayers had the burden to substantiate their claimed FTC, including the total amounts of non-U.S. sourced income and of such income derived from each country, and the tax paid or accrued to each country that is claimed as a credit.  *Id*. at 59.  It found that the only evidence the Taxpayers had submitted were Forms 1116 accompanying their 2008 and 2009 returns, which stated the FTCs claimed but did not explain how those FTCs were calculated.  *Id*. at 60.  Although the Taxpayers did not make their argument about the 2007 returns until their motion for reconsideration, the Tax Court rejected Taxpayers' argument that a carryover was justified simply because it was allowed in a prior year, stating that "the Commissioner is not bound for any given year to allow a deduction permitted for a prior year."  *Id*. at 62 (citing *United States v. Skelly Oil Co.*, 394 U.S. 678, 684 (1969); *Pekar v. Commissioner*, 113 T.C. 158, 166 (1999)).

The Tax Court denied reconsideration.  Order Denying Pet'rs' Mot. for Reconsideration, U.S.T.C. Docket No. 6345-14, Doc. 90 (July 29, 2020).  Taxpayers appealed the Tax Court's initial decision and order denying reconsideration to the U.S. Court of Appeals for the Seventh Circuit, which transferred venue to this court.

**II.**

The Tax Court's determination that Taxpayers' petition did not state a claim for 2008 Schedule A deductions, Schedule E losses, and foreign tax credits is reviewed *de novo*.  *See, e.g.*, *Lefebvre v. Commissioner*, 830 F.2d 417, 419 (1st Cir. 1987); *see also InverWorld, Ltd. v. Commissioner*, 979 F.2d 868, 875 (D.C. Cir. 1992).  The Commissioner maintains that the Tax Court's decision not to entertain the 2008 issues is reviewable only for abuse of discretion.  Comm'r Br. at 9.  This court has acknowledged that the Tax Court's judgment deserves special attention when brought to bear on matters in that court's distinctive areas of expertise, *see InverWorld*, 979 F.2d at 875–76, but no such deference affects the court's holdings here.  The court reviews the Tax Court's substantiation decisions for clear error.  *Green Gas Del. Statutory*

*Tr. v. Commissioner*, 903 F.3d 138, 143 (D.C. Cir. 2018).

**A.**

We agree with the Tax Court that Taxpayers forfeited claims for 2008 Schedule A deductions, Schedule E losses, and foreign tax credits by failing to include them in their petition. *See* Tax Ct. R. 34(b)(4). Taxpayers maintain on appeal that the claims were incorporated through the phrase "filed Returns." Their argument is meritless. Although the Tax Court "liberally construe[s]" *pro se* petitions, *Gray v. Commissioner of Internal Revenue*, 138 T.C. 295, 298 (2012), this case is a poor candidate for special treatment. First, as the Tax Court observed, "Mr. Larkin is a highly educated attorney with more than 20 years' experience[.]" Tax Ct. Mem. Op. at 4; *see Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194–95 (D.C. Cir. 1983). Second, as the Commissioner points out, the Larkins did not need to interpret "'sophisticated'" legal requirements to raise claims for 2008 Schedule A deductions, Schedule E losses, and foreign tax credits. Comm'r Br. 22 (quoting *Dozier*, 702 F.2d at 1195). The Larkins needed only to list "2008" alongside the years already listed in their claims for Schedule A deductions, Schedule E losses, and foreign tax credits. *See* Petition, Sch. 1 at 2–3. Third, although the Larkins filed their petition *pro se*, they were represented by counsel at trial, where the Tax Court reviewed the disputed issues and provided the Larkins an opportunity to add "extra issues." Tax Ct. Tr. (Oct. 19, 2015) at 8. Because, despite "numerous opportunities," the Larkins failed to raise their claims for 2008 deductions, losses, and credits until after trial, their "new position [was] untimely." *See Chapman Glen Ltd. v. Commissioner of Internal Revenue*, 140 T.C. 294, 349–50 (2013).

**B.**

On appeal, Taxpayers point to two possible sources of evidence in support of their 2009 FTC claim: (1) the Forms 1116 submitted with their 2008 and 2009 tax returns, and (2) their 2007 tax return, which was not in evidence. Taxpayers claim that they were entitled to carry forward unused FTCs from previous years to 2009. 26 U.S.C. § 904(c).

The Tax Court did not clearly err in finding that the 2008 and 2009 Forms 1116 did not substantiate the FTC claimed in 2009. The forms assert that a carryover credit is due, but the "detailed computation" required by the form is absent. *See, e.g.*, Taxpayers' 2008 Form 1116; *see also* 26 C.F.R. § 1.905-2(a). This falls short of the statutory requirement to show how much income was earned from each foreign country and all other information necessary to verify and compute the credit. 26 U.S.C. § 905(b).

Taxpayers maintain that the Tax Court was bound by the Taxpayers' 2007 return and the FTC claimed therein because the Commissioner "accepted the Larkins' 2007 Form 1116, detailing the amount of the FTCs being carried forward." Taxpayers' Br. 37. The Tax Court concluded, however, that the Taxpayers' 2007 return was not in evidence, Tax Court Mem. Op. 60, which the Taxpayers do not contest in their briefs. Further, the Taxpayers do not address the Commissioner's point that the 2007 return argument was not raised until their motion for reconsideration and was therefore forfeited. *See Bedrosian v. Commissioner*, 144 T.C. 152, 156 (2015). Even if they had raised the argument earlier and the 2007 return was in evidence, Taxpayers' claim that the

Commissioner had ratified the 2007 return is misleading.  Rather, the Commissioner had reversed adjustments made to their return after discovering that the notice of deficiency was sent to the wrong address, depriving the Tax Court of jurisdiction.  Taxpayers have no argument under either *res judicata* (claim preclusion) or collateral estoppel (issue preclusion) because the validity of the claimed 2007 FTCs was never actually litigated.  *Commissioner v. Sunnen*, 333 U.S. 591, 597–98 (1948).  Accordingly, the Tax Court did not clearly err in finding the 2009 FTC unsubstantiated.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk