**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN C. BEDROSIAN; JUDITH D. BEDROSIAN, *Petitioners-Appellants*, v. COMMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee.* | No. 18-70066 Tax Ct. No. 12341-05 OPINION |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted August 15, 2019
Pasadena, California

Filed October 8, 2019

Before: Mary M. Schroeder and Susan P. Graber, Circuit
Judges, and Joan H. Lefkow,\* District Judge.

Opinion by Judge Schroeder

---

\* The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Tax

The panel affirmed the Tax Court's dismissal, for lack of jurisdiction, of taxpayers' petition challenging adjustments to a Final Partnership Administrative Adjustment involving taxpayers' partnership.

The Internal Revenue Service initiated a partnership proceeding that resulted in administrative adjustments to a partnership tax return and disallowances of certain deductions. The IRS simultaneously pursued a deficiency proceeding against the partners (taxpayers) individually, to enforce the partnership-level adjustments. In a prior appeal challenging the results of the partnership proceedings, this court affirmed. In taxpayers' challenge to the partnership adjustments asserted in the deficiency proceeding, the Tax Court dismissed the petition as untimely because taxpayers should have brought their challenges in the partnership-level proceedings.

Joining every other circuit court to consider this issue, the panel held that a challenge to the timeliness of a Final Partnership Administrative Adjustment must be raised in the partnership-level proceeding itself, and that failure to do so results in a forfeiture of the argument. The panel therefore affirmed the Tax Court's dismissal of taxpayers' petition for lack of jurisdiction.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Steve R. Mather (argued), Mather Turanchik Law Corp., Los Angeles, California; Richard E. Hodge, Malibu, California; for Petitioners-Appellants.

Deborah K. Snyder (argued), Gilbert S. Rothenberg, and Andrew M. Weiner, Attorneys; Travis A. Greaves, Deputy Assistant Attorney General; Richard E. Zuckerman, Principal Deputy Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C.; for Respondent-Appellee.

**OPINION**

SCHROEDER, Circuit Judge:

Taxpayers John and Judith Bedrosian seek to challenge the Internal Revenue Service's (IRS's) disallowance of deductions that they claimed on their 1999 and 2000 returns. Because the deductions were generated by a partnership entity, the IRS initiated a partnership proceeding that resulted in administrative adjustments to the partnership's return and corresponding disallowances. The IRS simultaneously pursued a deficiency proceeding against the Bedrosians individually to enforce the partnership-level adjustments.

In an earlier appeal, we upheld the validity of the partnership proceeding and the adjustments made therein. *Bedrosian v. Comm'r*, 358 F. App'x 868, 869 (9th Cir. 2009) (unpublished). In what is essentially a collateral attack on the partnership proceeding, taxpayers now challenge as untimely the partnership-level adjustments the IRS asserted in the

deficiency proceeding. The Tax Court dismissed the action for lack of jurisdiction because challenges to the adjustments should have been brought in the partnership proceeding.

On appeal, the Bedrosians argue that there was no valid partnership proceeding in which they could have challenged the disallowances, because the partnership proceeding was initiated after the relevant statute of limitations had expired and was therefore a legal nullity. We have not had occasion to address this issue, but other circuit courts uniformly have held that a challenge to the timeliness of a partnership proceeding must be raised in the partnership proceeding itself and that failure to do so results in a forfeiture of the argument. We agree and affirm the Tax Court's dismissal for lack of jurisdiction.

## BACKGROUND

The taxpayers in this action are a married couple, John and Judith Bedrosian. In 1999, the Bedrosians participated in a tax-shelter scheme that used a partnership entity—Stone Canyon Partners—to generate artificial losses, which the Bedrosians reported as deductions on their individual 1999 and 2000 tax returns. Partnerships lend themselves well to such tax shelters because partnerships do not pay federal income tax. Instead, all income, deductions, and credits of a partnership pass through to the partners. 26 U.S.C. § 701; *United States v. Woods*, 571 U.S. 31, 38 (2013).

To ensure equal tax treatment among partners of the same partnership, and to remove the burden of duplicative audits and lawsuits involving issues in common to the partnership, Congress passed the Tax Equity and Fiscal Responsibility Act

of 1982 (TEFRA), 26 U.S.C. §§ 6221–6233.[1] *See Woods*, 571 U.S. at 38–39. TEFRA requires that all "partnership items," *i.e.*, tax matters relevant to the partnership as a whole, be adjudicated and adjusted in one proceeding at the partnership level. *See* 26 U.S.C. § 6221(a).

TEFRA outlines procedural safeguards to ensure that all partners are notified and given time to choose to participate in the partnership proceeding before any adjustments at the partnership level are assessed against them. As relevant to this case, the IRS must (1) notify the partners when a unified partnership proceeding begins, (2) then wait 120 days before issuing a Final Partnership Administrative Adjustment, commonly referred to as an FPAA, and (3) give the partners 150 days to seek judicial review of the FPAA before it becomes enforceable. *See* 26 U.S.C. §§ 6223(a), (d)(1), 6226(a), (b). Further, the IRS may not initiate a deficiency proceeding against individual partners to collect payments based on partnership-level adjustments until after the partnership proceeding has concluded. *See* 26 U.S.C. § 6225(a) (partnership adjustments not enforceable until FPAA's 150-day challenge period has concluded); *see also Meruelo v. Comm'r*, 691 F.3d 1108, 1115–17 (9th Cir. 2012).

If the IRS violates TEFRA's 120-day waiting period by issuing a premature FPAA, partners have a right to "elect" to have their items in the partnership treated as non-partnership items so that those items can be challenged at the partner level. *See* 26 U.S.C. § 6223(e). To do so, the partner must file a statement of election with a designated IRS office within 45 days of receiving the untimely notice. *See* Temp.

---

[1] All citations to those sections and to 26 U.S.C. § 7422 are to the versions in effect before 2018.

Treas. Reg. § 301.6223(e)-2T, 52 Fed. Reg. 6779-01, 6785 (Mar. 5, 1987) (version in effect at the time); *see also* 26 U.S.C. § 6230(i) (providing that Treasury regulations will prescribe time and manner for elections).

The issues raised in this appeal arise from the IRS's departure from some of TEFRA's requirements in the Bedrosians' case. The IRS initiated a partnership proceeding against Stone Canyon Partners in February of 2005 to disallow certain partnership deductions that the Bedrosians had claimed on their 1999 and 2000 tax returns. The IRS issued an FPAA only 62 days after initiating the partnership proceeding, well before the expiration of TEFRA's 120-day waiting period, and simultaneously notified the Bedrosians of their right to elect to convert their items under § 6223(e)(3)(B). While the partnership proceeding was still pending, the IRS initiated a deficiency proceeding against the Bedrosians to enforce the FPAA, violating TEFRA's bar against simultaneous proceedings.

The Bedrosians did not challenge the FPAA in the partnership proceeding, nor did they file an election statement with the IRS to convert their tax items to non-partnership items. They instead filed a petition in the Tax Court in July 2005 in response to the notice of deficiency the IRS had sent them in their individual capacities, seeking a redetermination of the adjustments that flowed from the FPAA. The Tax Court ruled that it lacked jurisdiction over the Bedrosians' petition to the extent that the petition challenged partnership-level adjustments, because such challenges had to have been raised within the partnership proceeding. *See* 26 U.S.C. § 7422(h) (depriving federal judiciary of subject-matter jurisdiction in individual tax refund challenges involving "partnership items").

When no Stone Canyon partner challenged the FPAA within the 150-day challenge period, it became enforceable in September of 2005. *See* 26 U.S.C. § 6225(a) (providing time line for challenging an FPAA). In 2007, Stone Canyon's tax-matters partner attempted to challenge the validity of the FPAA in the Tax Court, arguing that it did not receive the FPAA because the IRS mailed it to the wrong address, but the Tax Court ruled that the IRS properly mailed the FSA to the address provided by the Bedrosians' accountant.

The Tax Court's rulings in both the partnership proceeding and the Bedrosians' deficiency proceeding were appealed to this court. In an unpublished decision, we affirmed the Tax Court's ruling that the FPAA was valid. As to the Bedrosians' case, we held that we lacked jurisdiction to review the Tax Court's non-final dismissal order, and we remanded the case for further proceedings. *See Bedrosian*, 358 F. App'x at 870.

Upon remand to the Tax Court, the Bedrosians moved for summary judgment, challenging the 1999 and 2000 disallowances as untimely as a matter of law. The Tax Court denied the motion and then dismissed the action, concluding that because the Bedrosians' timeliness challenge to the underlying partnership adjustments should have been raised during the partnership proceeding, the court lacked jurisdiction over the Bedrosians' petition.

The Bedrosians then filed this appeal, contending that there was no valid partnership proceeding in which they could have challenged the disallowances of the deductions, because the partnership proceeding had been time-barred when begun and so should be treated as a legal nullity. *See* 26 U.S.C. § 6501(a) (imposing three-year maximum

limitations period for assessing taxes).   They argue in addition that they properly challenged each tax item at issue at the partner level notwithstanding any then-pending partnership proceeding because the items all converted to non-partnership items under 26 U.S.C. § 6223(e).  Finally, they argue that the IRS intentionally violated TEFRA, and to such a degree that this court should invalidate the underlying partnership adjustments.  As shown below, none of these arguments succeeds.

## DISCUSSION

The Tax Court correctly determined that it could not review the Bedrosians' challenges to the partnership adjustments as brought in their individual deficiency proceeding.  Disallowances of partnership deductions are "partnership items" in the sense that they affect the tax treatment of the entire partnership.  *See Kaplan v. United States*, 133 F.3d 469, 473 (7th Cir. 1998) (explaining that a disallowance of partnership deductions is a "prototypical partnership item" that must be adjudicated at the partnership level).  TEFRA required that "the tax treatment of any partnership item [including] an adjustment to a partnership item[] shall be determined at the partnership level." 26 U.S.C. § 6221; *accord* 26 U.S.C. § 6221(a) (2019) ("Any adjustment to a partnership-related item shall be determined . . . at the partnership level . . . ."); *see also* 26 U.S.C. § 7422(h) (prohibiting partner-level actions for refunds attributable to partnership items).  Accordingly, by not challenging the Stone Canyon adjustments during the Stone Canyon partnership proceeding, the Bedrosians forfeited their opportunity to do so in this deficiency proceeding.

The Bedrosians' efforts to sidestep the Tax Court's conclusion are unsupportable. Their contention that the partnership proceeding was time-barred is itself an item that affects the entire partnership and so should have been raised during the partnership proceeding. The Bedrosians' contention that their items converted to non-partnership items is unavailing, as the statutory requirements for a conversion were not satisfied. And their final contention, that the IRS acted in bad faith, is one we are not permitted to consider. We deal with each of these contentions in turn.

## I.  Statute of Limitations Challenge

The Bedrosians argue that there was no valid partnership proceeding in which they could previously have challenged the FPAA. Their theory is that the FPAA itself issued after the relevant limitations period had run and so the partnership proceeding in which the FPAA issued was a legal nullity. *See* 26 U.S.C. § 6501(a) (imposing three-year limitations period for assessing taxes).

The IRS responds that this limitations argument is a partnership item in the sense that it affects the tax treatment of the entire partnership and so should have been raised in the partnership proceeding. The statute plainly says that partnership items, *i.e.* items affecting the entire partnership's tax treatment, must be raised at the partnership level. *See* 26 U.S.C. §§ 6221, 6231(a)(3). TEFRA offers a rather tautological definition of partnership items: A partnership item is any item that the Secretary of the Treasury decides is "more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3). The applicable Treasury regulations, in turn, define partnership items as all items that affect the partners' share of the partnerships

income, credit, gain, loss and deduction, as well as the legal and factual determinations underlying the characterization, timing, and sum of such items. *See* 26 U.S.C. § 6231(a)(3); Treas. Reg. § 301.6231(a)(3)-1(a), (b).

We have not yet addressed whether a challenge to the timeliness of an FPAA is a partnership item. Every other circuit court to consider this issue has held that the FPAA statute of limitations is a partnership item that must be litigated in a partnership level proceeding. *See Keener v. United States*, 551 F.3d 1358, 1363 & n.3 (Fed. Cir. 2009); *Weiner v. United States*, 389 F.3d 152, 156 (5th Cir. 2004); *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1260 (11th Cir. 2000); *Chimblo v. Comm'r*, 177 F.3d 119, 125 (2d Cir. 1999); *Kaplan*, 133 F.3d at 473; *Williams v. Comm'r*, 165 F.3d 30 (6th Cir. 1998) (unpublished table decision). As the Seventh Circuit aptly observed in *Kaplan*, a successful statute-of-limitations claim against an FPAA is "precisely the type of challenge prohibited by TEFRA in light of Congress's decision that such suits are better addressed in one fell swoop at the 'partnership level' than in countless suits by individual partners." 133 F.3d at 473.

We therefore join our sister circuits in concluding that a partner's statute-of-limitations challenge to an FPAA constitutes a partnership item that must be raised at the partnership level. If a taxpayer fails to raise the argument during the relevant partnership proceeding, the taxpayer forfeits the right to raise that challenge in a deficiency proceeding. The Bedrosians therefore forfeited their right to challenge the timeliness of the disallowances contained within Stone Canyon's FPAA because they never raised that argument during the Stone Canyon partnership proceeding. The Bedrosians' attempt to attack the FPAA collaterally, by

raising timeliness arguments for the first time in their deficiency proceeding, is unavailing. The Tax Court did not err in so concluding.

## II.  Conversion Under 26 U.S.C. § 6223(e)

The Bedrosians next argue that all tax items at issue in this case converted to non-partnership items under 26 U.S.C. § 6223(e) and may therefore be challenged at the partner level, notwithstanding any opportunity they may have had to challenge them during the Stone Canyon partnership proceeding.

Section 6223(e)(3)(B) provides a remedy for taxpayers when the IRS does not provide partners with adequate notice before issuing an FPAA. Here, the IRS concedes that the Bedrosians were *entitled* to convert their items under § 6223(e)(3)(B) because the IRS issued the Stone Canyon FPAA prematurely, well before the expiration of TEFRA's 120-day waiting period. *See* 26 U.S.C. §§ 6223(e)(1)(A), (d)(1) (waiting period). To effectuate a conversion under this provision, however, the taxpayers are required to file, within 45 days of the untimely notice, a statement of election with the IRS that clearly states their intention to convert under § 6223(e)(3). The then-applicable temporary Treasury regulations, which prescribed the election procedures, provided that "[t]he election shall be made by filing a statement with the Internal Revenue Service office . . . [and t]he statement shall . . . [b]e clearly identified as an election under section 6223(e) . . . or . . . [s]pecify the election being made." Temp. Treas. Reg. § 301.6223(e)-2T(c). If no election is made, the taxpayer is bound by the FPAA. *See* 26 U.S.C. § 6223(e)(3) ("[P]artner shall be a party to the [partnership] proceeding unless such partner elects—(B) to

have the partnership items of the partner for the partnership taxable year to which the proceeding relates treated as nonpartnership items.").

Here, the Bedrosians concede that they did not file an election statement with the IRS. They contend, however, that their petition in this case "substantially complied" with the statute's election requirement. They argue that, by challenging the disallowance of partnership deductions in their deficiency proceeding, they sufficiently demonstrated their desire to convert their partnership items to non-partnership items. Substantial compliance, however, demands more. To be deemed to have substantially complied with § 6223(e)(3)(B), a taxpayer must, at a minimum, have provided a "clear expression" of the "intention to elect." *Fischer Indus., Inc. v. Comm'r*, 87 T.C. 116, 122 (1986); *see also Atl. Veneer Corp. v. Comm'r*, 812 F.2d 158, 161 (4th Cir. 1987). The Bedrosians' petition in this case contained no such clear expression of their intention to elect. In fact, the petition said nothing about making an election or a conversion, nor did the petition mention § 6223(e)(3). Further, the Bedrosians' petition was filed in the Tax Court; election statements must be filed in a designated IRS office. *See* Temp. Treas. Reg. § 301.6223(e)-2T. And the Bedrosians filed their petition long after the 45-day deadline to file a statement of election. *See id.*

Because the Bedrosians did not substantially comply with the requirements for a conversion under § 6223(e)(3), they are bound by the FPAA, and they may not challenge the underlying partnership adjustments at the partner level. *See* 26 U.S.C. § 6223(e)(3).

## III.     Questioning IRS Motives

The Bedrosians finally contend that the IRS knowingly and intentionally violated TEFRA procedures in order to enforce an invalid FPAA against them, and they assert that these bad faith procedural violations provide a basis for invalidating the underlying tax assessments.

The IRS's motive for issuing a deficiency notice is irrelevant to the court's *de novo* review of whether the underlying tax determination is valid. *See Scar v. Comm'r*, 814 F.2d 1363, 1368 (9th Cir. 1987) (explaining the general rule that courts cannot "look behind a deficiency notice to question the Commissioner's motives and procedures leading to a determination"); *see also Clapp v. Comm'r*, 875 F.2d 1396, 1400–01 (9th Cir. 1989) (confirming general rule). The Bedrosians identify no valid reason to depart from this rule. The Tax Court did not err when it declined to consider the IRS's motives for pursuing the partnership proceeding and the deficiency proceeding simultaneously.

There is an exception in which the IRS's motives for issuing a notice may be relevant to a taxpayer's liability. It is contained in 26 U.S.C. § 6231(g)(2), which provides that a deficiency proceeding that is invalid as brought against a TEFRA partnership may be treated as valid if the IRS reasonably but mistakenly thought that the partnership was not subject to TEFRA. The Tax Court *sua sponte* addressed this exception below, and the majority held that the exception did not apply. The Bedrosians elected not to challenge that holding on appeal, presumably because the argument, if successful, would absolve the IRS from TEFRA's procedural requirements entirely, and the Bedrosians' core contentions

on appeal depend on TEFRA's protections. The § 6231(g)(2) exception, therefore, is not before us.

## CONCLUSION

The Bedrosians have, in essence, used their deficiency proceeding to collaterally attack the Stone Canyon FPAA—an FPAA that this court has previously upheld as valid. The Bedrosians had an opportunity to challenge the FPAA during the Stone Canyon partnership proceeding, but they elected not to do so.

**AFFIRMED.**